IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN SANDERS,

    **Plaintiff,**

v.                                         Civil Action No.: 1:16cv50
                                                  (Judge Keeley)

TALERIS CREDIT UNION,

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF'S COMPLAINT BE DISMISSED

This matter before the Court is pursuant to Defendant Taleris Credit Union's "Motion to Dismiss for Lack of Personal Jurisdiction" [Doc. No. 5] filed on March 29, 2016. District Court Judge Irene M. Keeley entered an Order on March 25, 2016, referring the pending motion to the undersigned for a Report and Recommendation (Doc. No. 3).

### I. Procedural History

On February 29, 2016, Plaintiff Juan Sanders ("Plaintiff"), an inmate at FCI Hazelton, filed a Complaint in the Circuit Court of Preston County, West Virginia, against Defendant Taleris Credit Union ("Defendant" or "TCU") for violations of the West Virginia Consumer Credit Protection Act, the federal Fair Credit Reporting Act, and for defamation (Doc. No. 1). Plaintiff alleges that Defendant wrongfully attributed a debt to him of $16,456. Id. On March 24, 2016, Defendant filed a Notice of Removal to the Northern District of West Virginia. Id.

Five days after filing the Notice of Removal, Defendant filed the pending motion to dismiss (Doc. No. 5). The Court subsequently issued a *Roseboro* Notice to Plaintiff informing him that a response to the motion to dismiss must be filed on or before April 28, 2016 (Doc. No.

7). On April 27, 2016, Plaintiff moved for an extension of time to file a response to the motion to dismiss (Doc. No. 12). The Court granted the motion and ordered that Plaintiff file a response on or before May 28, 2016 (Doc. No. 13). Plaintiff has yet to file any response.

## II. Defendant's Motion to Dismiss

Defendant moves that Plaintiff's Complaint be dismissed because the Court does not have personal jurisdiction over the claim (Doc. No. 5). Specifically, Defendant argues that it "(1) does not maintain systematic or continuous contacts with West Virginia; and (2) did not conduct any activities in or directed at West Virginia" (Doc. No. 6 at 1).

Turning to general jurisdiction, Defendant argues that it does not have *any* contacts at all with the State of West Virginia:

> (i) TCU does not conduct business or supply services in West Virginia; (ii) TCU does not advertise for good or services in West Virginia; (iii) TCU does not own or lease property in West Virginia; (iv) TCU does not regularly engage in any other persistent course of conduct in West Virginia; and (v) TCU has no connections, ties, or contacts to the State of West Virginia.[1]

Id. at 4–5. Defendant adds that it is primarily an Ohio based company with only two branches that serve Cuyahoga County and Medina County in Ohio. Id. at 5. Defendant further asserts that it does not have "any branches, offices, or operations in West Virginia." Id.

In addition, Defendant argues that Plaintiff cannot show that the Court has specific jurisdiction either because the Complaint "fails to allege that TCU conducted any activities in West Virginia" and "fails to show how his claims against TCU arise out of any activities that TCU allegedly directed at West Virginia." Id. Because the factual basis underlying Plaintiff's Complaint stems from Defendant financing a car loan in Cleveland, Ohio, Defendant states that

---

[1] In support of these assertions, Defendant attached to its motion to dismiss a sworn affidavit of Robin D. Thomas, who is Defendant's President and Chief Executive Officer (Doc. No. 5, Exhibit 1).

2

the cause of action "has nothing to do with West Virginia and West Virginia has no interest in the resolution of this civil action." Id.

### III. Plaintiff's Response

Despite moving for an extension of time to file a response to the motion to dismiss [Doc. No. 12], Plaintiff as of this date has not filed any response to Defendant's dispositive motion.

### V. Discussion

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately the plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005). "In determining whether the plaintiff has made the

requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d at 627–28 (citation omitted); see also York v. Property and Casualty Ins. Co. of Hartford, No. 2:12cv06582, 2013 WL 5504435 (S.D. W. Va. Oct. 3, 2013) ("the statutory inquiry merges with the constitutional inquiry, and the two inquires essentially become one.") Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provide the basis for the suit. Carefirst, 334 F.3d at 397.

If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction

exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

Here, personal jurisdiction does not exist. Defendant does not have any contacts with the State of West Virginia nor did it conduct any activities aimed at the State of West Virginia. According to Defendant's motion and the attached affidavit,

> (i) TCU does not conduct business or supply services in West Virginia; (ii) TCU does not advertise for good or services in West Virginia; (iii) TCU does not own or lease property in West Virginia; (iv) TCU does not regularly engage in any other persistent course of conduct in West Virginia; and (v) TCU has no connections, ties, or contacts to the State of West Virginia.

(Doc. No. 6 at 4–5). Furthermore, Defendant is an Ohio based company with only two branches that serve two counties in Ohio. Id. at 5. Defendant also asserts that it does not have "any branches, offices, or operations in West Virginia." Id. Last, because this case centers on a car loan purportedly made in Ohio, the Court has to agree with Defendant's statement that this case "has nothing to do with West Virginia and West Virginia has no interest in the resolution of this civil action." Id. Based on all the foregoing evidence and taking into account Plaintiff's lack of response to dispute Defendant's assertions, the Court must find that the Defendant does not have the necessary "minimum contacts" with West Virginia and has not "purposefully availed" itself of its laws. See International Shoe, 326 U.S. at 316; Carefirst, 334 F.3d at 397. Likewise,

because Defendant has no presence in this State, Defendant does not meet the "continuous and systematic" requirement needed for this Court to have jurisdiction. See Helicopteros, 466 U.S. at 415. Accordingly, this Court does not have specific or general jurisdiction in this matter.

### VI. Conclusion

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction" [Doc. No. 5] be **GRANTED** and Plaintiff's Complaint [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Date: June 8, 2016

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE